### DAN ROWE v. STATE.

No. A-4052.   Opinion Filed Jan. 31, 1923.
(212 Pac. 143.)

(Syllabus.)

Homicide—Evidence Sufficient to Support Conviction of Manslaughter in First Degree. In a prosecution for murder, evidence held sufficient to support conviction of manslaughter in the first degree.

Appeal from District Court, Washington County; Charles B. Wilson, Judge.

Dan Rowe was convicted of manslaughter in the first degree, and he appeals. Affirmed.

C. E. Bailey, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   Dan Rowe was convicted in the district court of Washington county of manslaughter in the first degree and his punishment fixed at imprisonment in the penitentiary for the term of five years. From the judgment rendered on the verdict, an appeal was perfected by filing in this court on August 17, 1921, a petition in error with case-made.

The defendant is not represented by counsel in this court, we having nothing before us but the petition in error and case-made.

The information charges him with the murder of one George Gentry, alleged to have been committed in Washington county on or about the 13th day of November, 1921, by shooting him with a pistol.

The following facts appear from the record:

The shooting occurred in the servant's quarters, in the rear of the home of Delbert Dailey, in Bartlesville.

Dailey testified that about noon he was feeding his chickens and heard a scuffle in the servant house; defendant Rowe came out and said, "I won that fellow's money, and he tried to take it away from me, and I shot him." I told him he had better move on, and I asked if he had killed him. Defendant said he did not know.

The bullet that killed the deceased entered near the solar plexus. Deceased was taken to the hospital and died the next morning. Before the operation he said to his sister: "I am going to die. The operation won't do any good. I can't live." She asked him what was the trouble between him and Dan Rowe. He said they were playing cards and got into an argument and Dan came at him; that he saw Dan was going to get his gun, so he got up and made for him and stumbled, and Dan shot him; that he made for him to keep him from shooting him.

The defendant as a witness in his own behalf testified:

"I am 28 years old. George Gentry and me had been good friends. The day before the trouble I met him, and he said: 'Come out to my house in the morning. I want to play you some coon-can, $5 on the top.' And I says, 'I don't know where you live.' He said, '1107 Osage, where John Scott used

to live,' I told him, 'All right.' Between 10 or 11 o'clock the next morning I found him there, and we commenced playing coon-can. After a while he said he was broke. He had a yellow jumper and pulled it off and pitched it over to me, and said, 'Give me three dollars on it, and I will play you some more.' I said, 'No, I won't do anything like that,' and I said, ' I will have to go now.' He said, 'All right.' I got up and walked around and picked up my overcoat from the foot of the bed. He said: 'Stop, Dan Rowe, you yellow son of a bitch! As much money you have beat me out of, and won't let me have any of it! I will kill you!' and made for me. I turned, and he had a butcher knife and looked like he was trying to stab me. I hit the knife and cut my finger. He clinched me, and we fell against the bed. I just shoved him back and shot him. I walked out, and this gentleman standing there was feeding his chickens. He remarked, 'What is going on in there?' and I said, 'I beat that fellow out of his money, and he got a butcher knife and tried to kill me, and I shot him.' I walked back in the shack and picked up my overcoat. Then I went down to the sheriff's office and gave myself up.''

We deem it unnecessary to further detail the testimony. The errors assigned question the sufficiency of the evidence to sustain the conviction. Where there is substantial evidence to show the guilt of the accused, this court will not weigh the sufficiency of the same to sustain a conviction, but will consider all the evidence to ascertain whether a conviction is founded on substantial evidence. We have examined all the evidence and the instructions, carefully, and find no error which could have prejudiced the substantial rights of the defendant. The record shows that the defendant had a fair trial, with every right accorded him that the law requires. We are of the opinion that the evidence sufficiently supports the conviction.

The judgment of the lower court is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.